IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE PHILLIPS, *et al.* | : | CIVIL ACTION |
| *Plaintiffs* | : | |
| | : | NO. 12-3833 |
| v. | : | |
| | : | |
| GOLDSTEINS', ROSENBERGS', | : | |
| RAPHAEL-SACHS, INC. | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                December 10, 2013

**MEMORANDUM OPINION and ORDER**

Before this Court is Goldsteins', Rosenbergs', Raphael-Sachs, Inc.'s (Defendant) motion for summary judgment. Briefly, the relevant procedural history of this case is as follows:

On July 9, 2012, Stephanie Phillips and Zachary Phillips ("Plaintiffs"), filed a complaint against Defendant funeral home under the Rehabilitation Act of 1973, 29 U.S.C. §794 (the "Act"), for failure to provide reasonable accommodations for Plaintiffs' disability. Specifically, Plaintiffs, who are deaf, claim that Defendant's failure to provide a requested sign language interpreter at the funeral and burial services of their father violated the Act. On October 15, 2012, Plaintiffs filed an amended complaint essentially asserting a similar claim.

On October 19, 2013, Defendant filed a motion to dismiss Plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. [ECF 8]. Plaintiffs filed a response on November 2, 2012 [ECF 9].

By Order dated January 28, 2013, the Honorable Michael M. Baylson denied the motion to dismiss finding that the Court had subject matter jurisdiction and that Plaintiffs had alleged a plausible claim. However, the judge determined that discovery was warranted to resolve a "factual dispute regarding the nature and extent of the federal funds at issue, and whether these funds trigger the protections of the Act under either 29 U.S.C. §794(b)(3)(A) or §794(b)(3)(B)." [ECF 11]. Following discovery on this limited issue, the parties filed supplemental briefs. [ECF 16 and 18].

By Order dated June 17, 2013, Judge Baylson notified the parties that the Court was converting Defendant's Rule 12 (b)(6) motion to dismiss into a motion for summary judgment, and directed the parties to submit briefs that addressed

1

whether Defendant's funeral home in Philadelphia is a "program or activity" on the basis of being a "geographically separate facility" receiving federal assistance under 29 U.S.C. §794(b)(3)(B).[1] [ECF 19]. The parties timely submitted additional briefs in support of their respective positions. [ECF 20 and 21].

The matter is now ripe for consideration. For the reasons that follow, the motion for summary judgment is granted.[2]

## FACTS

The following is a summary of the relevant facts pertaining to this motion for summary judgment:[3]

> Plaintiffs are both deaf individuals who communicate primarily by sign language. Their father, David Phillips, a non-veteran, died on May 21, 2011. Funeral arrangements were made and paid in full to Defendant, a funeral and burial service provider, for services to be performed on the next day at the Southampton, Pennsylvania location.
>
> Plaintiffs alleged that they informed Defendant that they were deaf and requested that Defendant provide the services of a sign language interpreter for them during the funeral and burial services. Plaintiffs claim that Defendant agreed to provide an interpreter.
>
> The funeral was held at Defendant's Southampton funeral home on May 22, 2011. No interpreter was present.

## STANDARD OF REVIEW

Pursuant to Rule 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" if proof of its existence or non-existence might affect the outcome of

---

[1] As set forth below, neither Defendant nor any of its three funeral home facilities receives federal financial assistance. Thus, this Court need not address whether any of Defendant's three funeral home facilities constitute a "geographically separate facility to which Federal financial assistance is extended."

[2] This matter was reassigned to the undersigned by Order dated July 19, 2013. [ECF 22].

[3] For purposes of this motion, the Court takes as true those facts alleged in Plaintiffs' amended complaint. [ECF 7].

the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Under Rule 56, the court must view the evidence in the light most favorable to the non-moving party. *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011).

Further, Rule 56 provides that the movant bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record which the movant "believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden can be met by showing that the non-moving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." *Id.*, at 322.

After the moving party has met its initial burden, summary judgment is appropriate if the non-moving part fails to rebut the moving party's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" that show a genuine issue of material fact or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." *See* Rule 56(c)(1)(A-B). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 476 U.S. 574, 586 (1986). The nonmoving party may not rely on bare assertions, conclusory allegations or suspicions, *Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982), nor rest on the allegations in the pleadings. *Celotex*, 477 U.S. at 324. Rather, the nonmoving party must "go beyond the pleadings" and by either affidavits, depositions, answers to interrogatories, or admissions on file, "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.*

3

**DISCUSSION**

There is no dispute on the material facts in this matter. That is, Defendant does not contest that it provided the funeral service to Plaintiff's father and that although requested, an interpreter was not provided at the service. The central issue is whether Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, *et seq.*, which prohibits corporations that receive federal financial assistance from discriminating against individuals on the basis of a disability, applies. In their argument, Plaintiffs specifically contend that Defendant is the recipient of federal funds and, as a matter of business practice, accepts federal funds from the Department of Veterans Affairs for burial and funeral expenses, thus making the Rehabilitation Act applicable. Defendant disagrees and argues it does not receive federal financial assistance as a whole and, in this matter, did not receive any federal financial assistance for the funeral and burial services performed for Plaintiffs' father.

The Rehabilitation Act provides in relevant part:

> No otherwise qualified individual with a disability in the United States, as defined in section 7(20) [29 U.S.C §705(20)], shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. §794(a).

In order to establish a violation of the Act, a plaintiff must demonstrate that: (1) he or she is an individual with a disability; (2) he or she is "otherwise qualified" for participation in the program; (3) the program receives "federal financial assistance," and (4) he or she was "denied the benefits of" or "subject to discrimination" under the program. *Nathanson v. The Medical College of Pennsylvania*, 926 F.2d 1368, 1380 (3d Cir. 1991); *Wagner v. Fair Acres Geriatric*

*Ctr.*, 49 F.3d 1002, 1009 (3d Cir. 1995); *Marshall v. Sisters of the Holy Family of Nazareth*, 399 F. Supp.2d 597, 601-02 (E.D. Pa. 2005). Section 504 of the Act applies only to entities that receive federal financial assistance. 29 U.S.C. §794. "Congress imposed the obligations of §504 upon those who are in a position to accept or reject those obligations as part of the decision whether or not to 'receive' federal funds." *United States Dep't of Transp. v. Paralyzed Veterans*, 477 U.S. 597, 606 (1986). Where a defendant is not the recipient of federal funds, the defendant is beyond the reach of the Act, and a court may dismiss a plaintiff's claim against such defendant. *Magagna v. Salisbury Twp. Sch. Dist.*, 1998 WL 961906, *3 (E.D. Pa. Dec. 29, 1998).

Because the term "federal financial assistance" is not defined in the Act, courts when confronted with the issue, have applied the ordinary meaning of the term and have concluded that an entity receives "federal financial assistance" when it receives a subsidy. *DeVargas v. Mason & Hanger-Silas Mason Co., Inc.*, 911 F.2d 137, 1382 (10th Cir. 1990) (citing *Jacobson v. Delta Airlines, Inc.*, 742 F.2d 1202, 1208-09 (9th Cir. 1984)); *Bachman v. American Society of Clinical Pathologists*, 577 F. Supp. 1257, 1264 (D. N.J. 1983) (holding that the term "assistance" connotes a transfer of government funds by way of subsidy); *Leitch v. MVM, Inc.*, 2005 WL 331707, *8 (E.D. Pa. Feb. 10, 2005). Where the government intends only to compensate defendant for goods and services received, there is no subsidy, even if the compensation exceeds fair market value. *DeVargas*, 911 F.2d at 1382.

For private entities, such as Defendant, Congress defined the term "program or activity" as including "all of the operations of" the entity only "if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole;" 29 U.S.C. §794(b)(3)(A)(i), or "the entire plant or other comparable, geographically separate facility to

5

which Federal financial assistance is extended . . . ." *Id.* at §794(b)(3)(B). The term does not encompass "all operations" if the private entity receives federal funds for a specific and limited purpose. *Boswell v. Skywest Airlines, Inc.*, 217 F. Supp.2d 1212, 1216 (D. Utah 2002). The legislative history of the 1987 amendment defining "program or activity" establishes the limited scope of the Act's coverage in relation to private entities, as follows:

> The bill provides that a corporation, partnership, or other private organization or sole proprietorship will be covered in its entirety if it receives federal financial assistance which is extended to it as a whole or if it is principally engaged in certain kinds of activities. In all other instances, coverage will be limited to the geographically separate plant or facility which receives the federal funds.
>
> Federal financial assistance extended to a corporation or other entity "as a whole" refers to situations where the corporation receives general assistance that is not designated for a particular purpose. Federal financial assistance to the Chrysler Company for the purpose of preventing the company from going into bankruptcy would be an example of assistance to a corporation "as a whole." Federal aid which is limited in purpose, e.g., Job Training Partnership Act (JPTA) funds, is not considered aid to the corporation as a whole, even if it is used at several facilities and the corporation has the discretion to determine which of its facilities participate in the program . . . Further, federal financial assistance that is earmarked for one or more facilities of a private corporation or other private entity when it is extended is not assistance to the entity "as a whole." Nor does S. 557 embody a notion of "freeing up." Federal financial assistance to a corporation for particular purposes does not become assistance to the corporation as a whole simply because the receipt of the money may free up funds for use elsewhere in the company.
>
> \* \* \*
>
> If a corporation, partnership, other private organization, or sole proprietorship is not principally engaged in one of the activities delineated above, and receives federal financial assistance which is not extended to it "as a whole," only the full operations of the geographically separate facility will be covered by the civil rights laws.

S. Rep. No. 100-64 at 17-18.

As stated, in the motion to dismiss, Defendant contends that the Rehabilitation Act does not apply because none of its three funeral home locations receives federal financial assistance within the meaning of the Act and, more importantly, because Defendant did not receive federal financial assistance for the funeral and burial services performed for Plaintiffs' father.

Plaintiffs, however, contend that because Defendant is the recipient of federal funds derived from the U.S. Department of Veterans Affairs (the "VA") for burial and funeral expenses for services performed for deceased veterans, the Act applies. Plaintiffs rely solely on Section 2302 of Title 38, to support the applicability of the Rehabilitation Act. This statute allows for the payment of limited funeral expenses to qualifying veterans at the time of their death: *to wit*; "In the case of a deceased veteran . . . the Secretary, in the Secretary's discretion, having due regard to the circumstances in each case, may pay a sum not exceeding $300 to such person as the Secretary prescribes to cover the burial and funeral expenses of the deceased veteran and the expense of preparing the body and transporting it to the place of burial." 38 U.S.C. §2302(a). Regulations promulgated to effectuate these veteran funeral benefits permit funeral directors, individuals whose personal funds were used to pay for the funeral expenses, or the executor or administrator of the deceased veteran's estate to submit claims for reimbursement or direct payment of burial and funeral expenses. *See* 38 C.F.R. §3.1601.

Contrary to Plaintiffs' argument, it is clear from the language of the funeral benefits statute and the implementing regulations that the payments to be made by the VA thereunder were not intended to subsidize the operations of funeral homes, like Defendant. Rather, the payments are intended for the reimbursement and/or payment for funeral services provided to qualifying veterans. *Id.*; *see also* 38 C.F.R. §3.1600 ("For the purpose of payment of burial expenses . . . ."). Because these VA payments are for services provided, they do not constitute a

subsidy. *See DeVargas*, 911 F.2d at 1383. Moreover, the reimbursement or direct payment by the VA for funeral expenses inures to the benefit of the deceased veteran, not to the funeral director or individual submitting the claim. Thus, the funeral home is not the recipient of federal financial assistance.

Consistent with the purpose of the VA statute and implementing regulations regarding funeral benefits, Defendant's funeral director, Bruce Goldstein, testified that Defendant only receives monies from the VA when the funeral home has conducted funeral services for a qualifying, deceased veteran, and the bill for those services remains unpaid. In that regard, Mr. Goldstein testified that:

> [T]he only people, the only veterans that are entitled to any compensation from the VA are ones who are disabled and who were wounded during war-time in a service connected disability every month. Okay. We normally require payment in full at the time of the arrangement or at the time of the funeral, in most cases. We submit any veterans benefits for the family, as the funeral bill is paid then the money goes directly to the family.

Under the factual circumstances, in light of the plain meaning and purpose of the VA benefits statute and regulations and the Rehabilitation Act's definition of program or activity, this Court finds that the Rehabilitation Act is not implicated in this matter. Defendant does not receive federal financial assistance, as a whole, or for any specific program or activity, including services rendered to qualifying veterans under 38 U.S.C. §2302. Rather, Defendant, as a private entity, only receives monies from the VA when a bill for conducting funeral services for qualifying veterans remains unpaid by the deceased veteran's family. Even in these limited circumstances, however, Defendant only receives these monies *after* it has performed the services. Thus, the payments received from the VA are not subsidies, but rather payments for

services provided. *See DeVargas*, *supra*. Regardless, the beneficiary of the federal monies is the deceased veteran and/or his or her family, not the defendant funeral home.

**CONCLUSION**

For the reasons stated, since Defendant does not receive federal financial assistance either as a whole or for the services provided Plaintiffs, section 504 of the Rehabilitation Act does not apply. Summary judgment is, therefore, granted in favor of Defendant. An order consistent with this memorandum follows.


NITZA I. QUIÑONES ALEJANDRO, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE PHILLIPS, *et al.* | : | CIVIL ACTION |
| *Plaintiffs* | : | |
| | : | NO. 12-3833 |
| v. | : | |
| | : | |
| GOLDSTEINS', ROSENBERGS', | : | |
| RAPHAEL-SACHS, INC. | : | |
| *Defendant* | : | |

# ORDER

**AND NOW**, this 10th day of December 2013, upon consideration of Defendant's motion for summary judgment, Plaintiffs' response thereto, and for the reasons set forth in the accompanying memorandum, it is hereby **ORDERED** that Defendant's motion for summary judgment is **GRANTED**.[1]  Judgment is entered in favor of Defendant and against Plaintiffs. The Clerk of Court is directed to close this case for statistical purposes.

BY THE COURT:

*/s/ Nitza I. Quiñones Alejandro*
NITZA I. QUIÑONES ALEJANDRO, J.

---

[1] By Order dated June 17, 2013 [ECF 19], the Honorable Michael M. Baylson informed the parties that the Court was converting Defendant's motion to dismiss Plaintiffs' amended complaint [ECF 18] into a motion for summary judgment and directed the parties to file supplemental briefs.  The parties filed supplemental briefs in support of their respective positions.  [ECF 20 and 21].